UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | | |
|---|---|---|
| RICHARD LEWIS, | : | |
| Plaintiff, | | |
| -against- | : | **AMENDED COMPLAINT** |
| | | |
| CITY OF NEW YORK; POLICE LIEUTENANT DEREK EPSTEIN, SHIELD NO. 1318 and POLICE OFFICER ANDRE JEAN-PIERRE, SHIELD NO. 357 (individually and in their official capacities), | : | 20-cv-2415<br><br>Jury Trial Demanded |
| Defendants. | | |

-------------------------------------------------------------------X

Plaintiff, RICHARD LEWIS, by his attorney, MASAI I. LORD Esq., of LORD & SCHEWEL PLLC, alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF ACTION

1. Plaintiff Richard Lewis ("Plaintiff" or "Mr. Lewis") served approximately 24 hours in custody after being wrongfully arrested and charged with the illegal sale of alcohol which he did not do.

2. Mr. Lewis brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his rights under the Constitution of the United States of America and the New York State Constitution.

1

## JURISDICTION

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, as well as the New York State Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4) because Mr. Lewis' claims arise under law of the United States and seek redress of the deprivation under color of state law of rights guaranteed by the United States Constitution.

4. Lieutenants and police officers of the New York City Police Department (hereinafter "NYPD"), instigated and continued the prosecution of Plaintiff without probable cause to believe Plaintiff to be guilty of the crimes charged.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), and 28 U.S.C. § 1402(b), where Defendants reside and maintain their relevant places of business, and where the actions complained of herein occurred.

## JURY DEMAND

6. Plaintiff Campbell respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## THE PARTIES

7. Plaintiff Richard Lewis is a resident of the State of New York, county of Kings.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the New York City Police Department ("NYPD"), a

2

department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Lieutenant Derek Epstein ("Lieutenant Epstein"), Shield No. 1318, was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. He is sued in his individual capacity.

10. Defendant Police Officer Andres Jean-Pierre ("Officer Jean-Pierre"), Shield No. 357, was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. He is sued in his individual capacity.

11. That all acts and incidents complained of herein occurred in Kings County, City, and State of New York.

12. That within 90 days after the state law claim of False Imprisonment accrued, plaintiff served a Notice of Claim, in writing, sworn by the claimant, containing the name and post office address of the plaintiff and plaintiff's attorney, the nature of the claim, the time when, the place and the manner by which the claim arose, the items of damage and the injuries claimed to have been sustained, to be served upon the defendants by delivering a

copy thereof to the person designated by law as a person to whom such claims may be served.

13. That plaintiff appeared for a hearing pursuant to § 50-H of the General Municipal Law on or about November 26, 2019

14. That the defendants have not adjusted, settled or paid the same after thirty days have elapsed.

15. That this claim has been commenced and this action has been started within one year and ninety days after the accrual of the state law violation upon which the New York State law claims are based.

16. That all conditions and requirements precedent to the commencement of this action have been complied with.

## STATEMENT OF FACTS COMMON TO ALL CLAIMS

17. On March 3, 2019, Richard Lewis was at a friend's event located at 1233 Flatbush Ave at a venue named Rose Fantasy.

18. Mr. Lewis's friend had rented out the venue for a child's birthday party.

19. Lieutenant Derek Epstein and Police Officer Jean-Pierre arrived at 1233 Flatbush Ave on or about 8:00pm that night.

20. When the officers entered the venue they instructed the music to be turned off and the party to be shut down because they alleged, incorrectly, alcohol was being served by the venue.

21. As Mr. Lewis was assisting his friend clean the venue, the officers approached him and asked him if he worked at the venue and Mr. Lewis informed them that he did not; he was just attending his friend's party and subsequently helping her clean. The officer called and spoke to the owner of the venue on speakerphone, and she also informed him that Mr. Lewis did not work there. The officer arrested Mr. Lewis anyway, placing him in handcuffs and transporting him to the 70th precinct.

22. Lt. Epstein falsely claimed that Mr. Lewis was an employee of the establishment that was serving alcohol. Moreover, no one at the event was serving alcohol for money.

23. Plaintiff was maliciously prosecuted by and at the direction of Lt. Epstein and Officer Jean-Pierre as well as other agents, servants and/or employees of the City of New York.

24. Thereafter, claimant was charged under Docket #CR-008588019KN, for, *inter alia*, ABC 100(1), ABC 64(B), and ABC 96(1); each of which are class A misdemeanors.

25. Plaintiff was then incarcerated until the following day before he was arraigned and released on his own recognizance.

26. None of the aforementioned acts were protected by legal privilege, nor were such acts legally justified. Said occurrences and the injuries and damages sustained by claimant were due solely to the negligence, carelessness, recklessness and willful misconduct of the CITY OF NEW YORK, its agents, servants and/or employees.

27. These charges against plaintiff were based entirely on the false allegations and fabrications by DEFENDANTS EPSTEIN AND JEAN-PIERRE.

28. All criminal charges against plaintiff relating to this arrest were dismissed approximately 90 days from the date of arraignment.

29. Plaintiff was acting lawfully when he was stopped, arrested and imprisoned by agents and/or employees of the City of New York, including but not limited to, upon information and belief, agents employed by the New York City Police Department.

30. Plaintiff was then maliciously prosecuted by and at the direction of the said individuals.

31. None of the aforementioned acts are or were protected by legal privilege, nor were such acts legally justified.

32. Said occurrence and the injuries and damages sustained by claimant were due solely to the negligence, carelessness, recklessness and willful misconduct of the CITY OF NEW YORK, its agents, servants and/or employees.

## INJURIES AND DAMAGES

33. This action seeks damages on behalf of Plaintiff for the loss of liberty, extraordinary emotional pain and suffering, and injuries to his person, that Plaintiff was forced to endure as a consequence of Defendants' decidedly wrongful actions.

34. As a result of his wrongful arrest and unjust imprisonment, despite his actual innocence of any crime, Mr. Lewis was held in custody for approximately 24 hours. He has suffered, and continues to suffer, severe and ongoing damages.

35. The acts and omissions of Defendants entitle Plaintiff to compensatory and punitive damages.

## FIRST CLAIM:
### FALSE ARREST UNDER 42 U.S.C. § 1983 AND NY STATE LAW
**(Against All Defendants)**

36. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

37. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility, supervision, and authority of the NEW YORK CITY POLICE DEPARTMENT and its agents, servants and employees, and is liable to plaintiffs for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

38. At the aforementioned times and locations, plaintiff was detained and held under the imprisonment and control of the defendants EPSTEIN and JEAN-PIERRE under false pretenses.

39. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

40. That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following: unlawfully and intentionally detaining and confining of plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining plaintiffs without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully detaining and confining plaintiff; unlawfully arresting plaintiff and placing him in handcuffs without reasonable cause therefore, and committing such acts resulting in the unlawful arrest and imprisonment of plaintiff.

41. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

42. That plaintiff was conscious of the confinement.

43. By the actions described above, the individual and municipal defendants caused plaintiff to be falsely arrested and/or falsely imprisoned plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitution of the State of New York.

44. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and standing within their community.

45. As a result of defendants' impermissible conduct, plaintiff demand judgement against defendants in a sum of money to be determined at trial.

### SECOND CLAIM:
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983 AND NEW YORK STATE LAW
### (Against All Defendants)

46. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

47. At the aforementioned times and locations, plaintiff was detained and held under the imprisonment and control of the defendants and other unidentified officers of the NYPD present on the scene without probable cause.

48. Lieutenant Derek Epstein falsely claimed Mr. Lewis was an employee of the venue at 1233 Flatbush Ave and directly flowing from that fabrication, defendants commenced the criminal action against plaintiff in the absence of any probable cause that a crime had been committed.

49. Defendants commenced this criminal action out of malice.

50. The criminal action against plaintiff has terminated in his favor.

51. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

52. That plaintiff was conscious of the confinement.

53. That as a direct, sole and proximate result of the false arrest, imprisonment, and malicious prosecution, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, and the disturbance and disruption of life.

54. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitution of the State of New York and of the United States.

55. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and standing within their community.

### THIRD CLAIM:
**FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983**
**(Against Defendant Jean-Pierre)**

56. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

57. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct, had a duty to intervene and prevent such conduct and failed to intervene.

58. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

59. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM:
### FABRICATION OF EVIDENCE UNDER 42 U.S.C. § 1983
### (Against Defendant Lieutenant Epstein)

60. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

61. At the time of the plaintiff's arrest, there was no credible evidence that plaintiff had committed a crime. Lieutenant Derek Epstein falsely claimed Mr. Lewis was an employee of the venue at 1233 Flatbush Ave and directly flowing from that fabrication, defendants commenced the criminal action against plaintiff in the absence of any probable cause that a crime had been committed.

62. The acts and conduct of the defendants were the direct and proximate cause of plaintiff's arrest and injury to the plaintiff, and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

63. All of the aforementioned acts of the Defendant CITY OF NEW YORK, and the individual defendants and their agents, servants, and employees, were carried out under the color of state law.

64. As a result of the foregoing, plaintiffs were caused to suffer physical, psychological and emotional injuries, violations of his civil rights, emotional distress, anguish, anxiety, fear,

humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## FIFTH CLAIM:

**VIOLATION OF THE RIGHT TO A FAIR PROSECUTION AND DUE PROCESS OF LAW UNDER 42 U.S.C. § 1983**
**(Against All Defendants)**

65. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

66. DEFENDANTS failed to timely disclose material favorable to the defense in contravention of Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny.

67. The individual DEFENDANTS acting individually and in concert and conspiracy, deliberately, and recklessly.

68. At all times DEFENDANTS were acting within the scope of their employment with the DEFENDANT, THE CITY OF NEW YORK, at the aforesaid location.

69. That this information caused Plaintiff to be denied his liberty and right to a fair prosecution in violation of Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

## SIXTH CLAIM:

**ASSAULT AND BATTERY UNDER NEW YORK STATE LAW**
**(Against All Defendants)**

70. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

71. That, on or about March 3, 2019, DEFENDANTS, who were acting within the scope of their employment with the DEFENDANT, THE CITY OF NEW YORK, at the aforesaid location.

72. That, on or about March 3, 2019, DEFENDANTS committed an assault and battery knowingly, intentionally and willfully.

73. That, on or about March 3, 2019, the individual DEFENDANTS who committed the aforementioned assault and battery upon the Plaintiff were acting within the scope of their employment with the DEFENDANT, THE CITY OF NEW YORK.

74. That on or about March 3, 2019, the assault and battery on the Plaintiff was without probable cause and was not the result of a lawful arrest.

75. By reason of the foregoing, DEFENDANTS are liable to Plaintiff for damages.

[REMAINDER INTENTIONALLY LEFT BLANK]

**PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff demands the following relief jointly and severally against all of the defendants:
- a. Compensatory damages;
- b. Punitive damages;
- c. The convening and empaneling of a jury to consider the merits of the claims herein;
- d. Costs and interest and attorney's fees;
- e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
  May 31, 2020

                                                Yours, etc.

                                                Lord & Schewel PLLC

                                                <u>/s/ Masai I. Lord</u>

                                                Masai I. Lord
                                                Attorneys for Plaintiff
                                                RICHARD LEWIS
                                                233 Broadway, Suite 2220
                                                New York, NY 10279
                                                718-701-1002
                                                lord@nycivilrights.nyc